IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED

APR -5 PM 12: 50

SOUTHERN DISTRICT
OF INDIANA
LABRA A. BRIGGS

| | | |
|---|---|---|
| STEVE SCHLEICHER and LORRIE SCHLEICHER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CAUSE NO. |
| THE SALVATION ARMY, | ) ) | 1:06-cv-0545-RLY-WTL |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiffs, Steve and Lorrie Schleicher, for their complaint against Defendant, The Salvation Army ("Salvation Army"), state the following:

### I. Parties

1.      Plaintiff, Steve Schleicher, is a citizen and a resident of Indianapolis, Indiana.

2.      Plaintiff, Lorrie Schleicher, is a citizen and a resident of Indianapolis, Indiana.

3.      Defendant, Salvation Army, is an entity that does business in Marion County, Indiana.

### II. Jurisdiction and Venue

4.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States.  Specifically, Plaintiffs bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216, and ERISA, as permitted by 29 U.S.C. §1132.

5.      Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Plaintiffs' residence and Defendant's doing business in this District.

### III. Factual Allegations

6.      Plaintiffs began working for Defendant in 1995.

7.      Mr. Schleicher manages multiple thrift stores for Defendant.

8.      Mrs. Schleicher manages multiple thrift stores for Defendant.

9.      During his employment, Mr. Schleicher has worked overtime hours for Defendant.

10.     During her employment, Mrs. Schleicher has worked regular hours for Defendant.

11.     During her employment, Mrs. Schleicher has worked overtime hours for Defendant.

12.     Defendant paid Mr. Schleicher as an independent contractor for his management of the multiple thrift stores.

13.     Defendant does not pay Mrs. Schleicher for her management of the multiple thrift stores.

14.     Defendant did not pay Mr. Schleicher for overtime hours worked while managing the multiple thrift stores.

15.     Defendant pays Mr. Schleicher on a bi-weekly basis.

16.     Plaintiffs are participants of the group medical policy sponsored by Defendant.

17.     Plaintiffs have claimed benefits for certain medical expenses under the group medical policy.

18.     Defendant has failed to pay and/or reimburse for certain medical expenses claimed by Plaintiffs.

19.     Defendant has failed to provide proper notice and review of the denial of medical benefits for the claims of Plaintiffs.

### Count I
### Failure to Properly Pay Overtime
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

20.     Mr. Schleicher is an employee of Defendant pursuant to the FLSA.

21.     Mrs. Schleicher is an employee of Defendant pursuant to the FLSA.

22.     Mr. Schleicher's work for Defendant involved interstate commerce.

23.     Mrs. Schleicher's work for Defendant involved interstate commerce.

24.     Defendant has failed to properly pay Mr. Schleicher for overtime that he has worked during his employment with Defendant.

25.     Defendant has failed to properly pay Mrs. Schleicher for overtime that she has worked during her employment with Defendant.

26.     Defendant has willfully violated the FLSA.

27.     Defendant's violations of the FLSA have damaged Plaintiffs.

WHEREFORE, Plaintiffs pray that the Court:

A.     Enter an award for Plaintiffs for the overtime owed to Plaintiffs during the course of their employment with Defendant with interest as permitted by the FLSA.

B.     Enter an award for liquidated damages with interest as permitted by the FLSA.

C.     Enter an order declaring that Plaintiffs are entitled to overtime wages.

D.     Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

E.     Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

Ronald E. Weldy, #22571-49

## Count II
### Failure to Properly Pay Minimum Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

28.     Plaintiffs incorporate paragraphs 1 through 27 by reference herein.

29.     Mrs. Schleicher is an employee of Defendant pursuant to the FLSA.

30.     Mrs. Schleicher's work for Defendant involved interstate commerce.

31.     Defendant has failed to properly pay Mrs. Schleicher minimum wages for the hours that she has worked during her employment with Defendant.

32.     Defendant has willfully violated the FLSA.

33.     Defendant's violations of the FLSA have damaged Mrs. Schleicher.

WHEREFORE, Plaintiff prays that the Court:

A.     Enter an award for Plaintiff for the minimum wages owed to Plaintiff during the course of her employment with Defendant with interest as permitted by the FLSA.

B.     Enter an award for liquidated damages with interest as permitted by the FLSA.

C.     Enter an order declaring that Plaintiff is entitled to minimum wages.

D.     Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

E.     Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

Ronald E. Weldy, #22591-49

## Count III
## Wrongful Denial of Benefits
## Under ERISA, 29 U.S.C. §1132

34.     Plaintiffs incorporate paragraphs 1 through 33 by reference herein.

35.     Defendant sponsored and administered a group medical benefits policy.

36.     Defendant wrongfully denied medical benefits claimed by Plaintiffs in violation of ERISA for the following reasons:

a.     Defendant as administrator of the group medical benefits policy failed to proper weight to the evidence in the administrative record demonstrating that the claims of Plaintiffs should be covered;

b.     Defendant's interpretation as administrator of the group medical benefits policy is contrary to the plain language and practice pursuant to the policy; and

c.     Defendant has violated its contractual obligation to furnish medical benefits to Plaintiffs.

WHEREFORE, Plaintiffs pray that the Court:

A.     Enter an award for Plaintiffs for the medical benefits wrongfully not paid with interest as permitted by ERISA.

B.     Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred as a result of the wrongful denial of benefits.

C.     Enter an order requiring Defendant to pay medical benefits of Plaintiffs owed pursuant to the policy.

D.    Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

Ronald E. Weldy, #22571-49
Attorney for Plaintiffs,
Steve & Lorrie Schleicher

Abrams Weldy Drummond & Huiras, PA
2002 Wellesley Boulevard
Suite 300
Indianapolis, IN 46219
Tel: (317) 917-4800
Fax: (317) 917-4801
E-mail: weldy@abramsweldy.com