UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVE SCHLEICHER and LORRIE SCHLEICHER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:06-cv-545-RLY-WTL |
| THE SALVATION ARMY, | ) ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION and PLAINTIFFS' MOTION TO AMEND COMPLAINT**

The Schleichers (or "Plaintiffs"), former ministers of The Salvation Army ("The Salvation Army" or "Defendant"), filed this lawsuit asserting a claim[1] for allegedly unpaid wages and/or overtime under the Fair Labor Standards Act ("FLSA"). The Salvation Army moves to dismiss their FLSA claims for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The court, having read and reviewed the parties' briefs, the applicable law, the designated evidence, and the testimonial and documentary evidence from the hearing conducted on December 11, 2006, now finds The Salvation Army's motion should be **GRANTED**.

The Schleichers also move to amend their Complaint. Because an amendment of the Schleichers' Complaint would be futile given the court's ruling above, the court

---

[1] Plaintiffs stipulated to the dismissal of their ERISA claim on July 18, 2006.

**DENIES** their motion.

I.  **Factual Background**

   A.  **The Salvation Army**

1. The Salvation Army is a religious-based organization which ministers generally to those with problems with alcohol and drugs. (Affidavit of Major David H. Riches ("Riches Aff.") ¶¶ 3, 4; *see also* What You Should Know About The Salvation Army, Defendant's Ex. 1 ("Defendant's Ex. 1"); Orders and Regulations for Officers of The Salvation Army, Chapter V, Section 5 at 32, Defendant's Ex. 2 ("Defendant's Ex. 2").

2. The Adult Rehabilitation Centers (there are over 100 in the U.S.) provide a Christ-centered ministry of rehabilitation services for these needy people, known as "beneficiaries." (*Id.* ¶ 6).

3. The Adult Rehabilitation Centers are operated and financed by The Salvation Army, without any assistance from the government. (*Id.*).

4. The Adult Rehabilitation Centers are self-contained religious communities, with living quarters for the beneficiaries, as well as a chapel, a dining room, and recreation rooms. (*Id.* ¶ 8).

5. The beneficiaries live on-site, participate in spiritual counseling, daily religious devotions, Christian living classes, bible study, chapel services and work therapy. (*Id.*).

6. Each of the Adult Rehabilitation Centers is shepherded by an Administrator. Thus,

      the Administrators are the spiritual leaders – the clergy – of the Adult Rehabilitation Centers. (*Id.* ¶¶ 11, 12; Affidavit of Captain Joe Irvine ("Irvine Aff." ¶ 3; Brief of Appointment, Adult Rehabilitation Center Administrator, Defendant's Ex. 3 ("Defendant's Ex. 3").

7. The thrift stores exist to make the practice of religion possible through the rehabilitation component of work therapy for the beneficiaries and to fund the operation of the Adult Rehabilitation Centers. (Riches Aff. ¶ 9; Irvine Aff. ¶ 4).

    **B.    Mr. and Mrs. Schleicher**

8. The Schleichers became ordained and commissioned officers of The Salvation Army in 1995. (Undertakings Entered Into by an Officer of The Salvation Army and Applicant's Agreement with The Salvation Army (Steve Schleicher, 1995), Defendant's Ex. 6 ("Defendant's Ex. 6"); Undertakings Entered Into by an Officer of The Salvation Army and Applicant's Agreement with The Salvation Army (Lorrie Schleicher, 1995), Defendant's 8 ("Defendant's Ex. 8")).

9. In 2000, the Schleichers became Captains. (Declaration of Steven Schleicher ("Steven Schleicher Dec.") ¶¶ 5-7; Declaration of Lorrie Schleicher ("Lorrie Schleicher Dec.") ¶¶ 5-7).

10. In that capacity, they were appointed as Administrators of the operation of the Adult Rehabilitation Center and the thrift store operations for the City of Indianapolis in 2003 ("the Indianapolis Center"). (Steven Schleicher Dec. ¶ 7; Lorrie Schleicher Dec. ¶ 7).

11. The Indianapolis Center grounds consist of a chapel, dormitory, office suite, thrift store, and warehouse facility. (Riches Aff. ¶ 14).

12. The Indianapolis Center also includes five off-site thrift stores that support its mission. (*Id.*).

13. The Schleichers were responsible for the operation of those stores. (Steve Schleicher Dec. ¶ 8; Lorrie Schleicher Dec. ¶ 8).

14. Pursuant to the Schleichers' contract of employment, the Schleichers received an allowance for general living expenses, but agreed "that any such allowance is not a wage, salary, reward or payment for services rendered." (Undertakings Entered Into by an Officer of The Salvation Army and Applicant's Agreement with The Salvation Army (Steve Schleicher, 1993), Defendant's Ex. 5 ("Defendant's Ex. 5"); Undertakings Entered Into by an Officer of The Salvation Army and Applicant's Agreement with The Salvation Army (Lorrie Schleicher, 1993), Defendant's Ex. 7 ("Defendant's Ex. 7"); Defendant's Ex. 6; Defendant's Ex. 8).

15. The Schleichers often worked over 40 hours a week at the thrift stores, but did not receive overtime pay. (Steven Schleicher Dec. ¶¶ 16, 17; Lorrie Schleicher Dec. ¶¶ 15, 17).

## II. Dismissal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the court "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *United*

*Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).  If material facts affecting jurisdiction are in dispute, the court is permitted to look beyond the factual allegations and view the evidence that has been submitted in the case to determine whether jurisdiction exists.  *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999); *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993).  Throughout the court's inquiry, the burden is on the Plaintiff to establish jurisdiction by competent proof.  *Sapperstein*, 188 F.3d at 855.

**III.   Law**

    **A.   Motion to Dismiss**

        **1.   FLSA Claims**

The Salvation Army contends the ministerial exception applies to bar Plaintiffs' FLSA claims.  The exception was first established in *McClure v. The Salvation Army*, 460 F.2d 553, 558 (5th Cir.), *cert. denied*, 409 U.S. 896 (1972).  In that case, the Fifth Circuit upheld the dismissal of an employment discrimination case brought by Mrs. McClure, a former Salvation Army officer, who was discharged by The Salvation Army.  The Court found that the application of Title VII to the employment relationship between The Salvation Army and its former officer would result in an encroachment by the State into an area of religious freedom that is forbidden under the principles of the Free Exercise Clause of the First Amendment.  The Court reasoned:

> Any application of the provisions of Title VII to the employment relationship which exists between The Salvation Army and Mrs. McClure, a church and its minister, would involve an investigation and review of these

> practices and decisions and would, as a result, cause the State to intrude upon matters of church administration and government which have so many times before been proclaimed to be matters of a singular ecclesiastical concern.  Control of strictly ecclesiastical matters could easily pass from the church to the State.  The church would then be without the power to decide for itself, free from state interference, matters of church administration and government.

*Id*. at 560.  The Court therefore affirmed dismissal for lack of subject matter jurisdiction. *Id*. at 560-61.

The Seventh Circuit explicitly recognized the ministerial exception in 1994 and reaffirmed it in *Alicea-Hernanadez v. The Catholic Bishop of Chicago*, 320 F.3d 698, 702-03 (7th Cir. 2003).  In that case, the Court upheld the dismissal of an employment discrimination case brought by Gloria Alicea-Hernandez, an employee of the Archdiocese of Chicago, who held the position of Hispanic Communications Manager.  In upholding the district court's dismissal, the Court, citing *McClure*, found that the ministerial exception applied.  In reaching that conclusion, the Court focused on the functions of her job, and found that Ms. Alicea-Hernandez's position as press secretary "was integral in shaping the message that the Church presented to the Hispanic Community."  *Id*. at 704; *see also Tomic v. Catholic Diocese of Peoria*, 442 F.3d 1036 (7th Cir. 2006) (applying the ministerial exception to the music director of a Roman Catholic diocese, on grounds that as music director, plaintiff performed religious-oriented tasks).

Although the Seventh Circuit has not had occasion to apply the ministerial exception to FLSA suits, this court is persuaded that were the issue before the Seventh Circuit, it would find it applicable to such suits.  *See Tomic*, 442 F.3d at 1038 ("Even if

the suit does not involve an issue of religious doctrine, but concerns merely the governance structure of the church, the courts will not assume jurisdiction if doing so would interfere with the church's management."); *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299 (4th Cir. 2004) (holding ministerial exception exists under the FLSA); *Werft v. Desert Southwest Annual Conf. of United Methodist Church*, 377 F.3d 1099, 1100 n.1 (9th Cir. 2004) ("Because the ministerial exception is based in the First Amendment, we make no distinction between the various federal and state law claims. Just as there is a ministerial exception in Title VII, there must also be one to any federal or state cause of action that would otherwise impinge on the Church's prerogative to choose its ministers."); *Patsakis v. Greek Orthodox Archdiocese of America*, 339 F.Supp.2d 689, 694 (W.D. Pa. 2004) ("[T]his court is unaware of any case that has declined to apply the ministerial exception to other federal employment statutes such as the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") or the Fair Labor Standards Act ("FLSA")").

  Here, there is no dispute that the Schleichers were ministers of The Salvation Army, and, in that capacity, served as Administrators of the Adult Rehabilitation Center in Indianapolis. (Steve Schleicher Aff., ¶¶ 4, 7; Lorrie Schleicher Aff. ¶¶ 4, 7; Defendant's Ex. 2, Chapter I at ¶ 1; Defendant's Exs. 3-8; Letter dated June 15, 1998, to Col. Milford Hickam from the Schleichers, Defendant's Ex. 10). As such, the Schleichers "[were] the spiritual leaders of ARC [Adult Rehabilitation Center]." (Defendant's Ex. 3; *see also* E-mail communication to Major David Riches dated March 31, 2006, from the

Schleichers, Defendant's Ex. 4). The Schleichers attempt to circumvent the application of the ministerial exception by arguing that (1) the ministerial exception does not apply to the FLSA, and (2) that their primary responsibilities were running the thrift stores as opposed to preaching the Gospel. The court will address each argument below.

As for the argument that no ministerial exception to the FLSA exists, the Schleichers cite to the dissenting opinion in *Shaliehsabou, supra.*, written by the former Judge Luttig. The court is not persuaded by the dissenting opinion as it has no precedential value. *Hale v. Committee on Character*, 335 F.3d 678, 683-84 (7th Cir. 2003) ("[T]he views expressed by dissenting judges or justices are not binding . . . a dissent does not reflect the state of the law."). Accordingly, the court rejects the Schleichers' first argument.

Next, the Schleichers argue that they were primarily responsible for the operation of the thrift stores – a secular responsibility – and worked more than 40 hours per week in that capacity. The Schleichers fail to acknowledge that part of their ministry as Administrators of the Adult Rehabilitation Center was running the thrift stores. Major David Riches, former Commander for The Salvation Army's Central Territory, testified at the evidentiary hearing of this matter that the thrift stores not only provided the necessary funds to support The Salvation Army's Adult Rehabilitation Centers, but also provided work therapy for the beneficiaries who resided there.

Finally, the Schleichers' employment agreement stated that in exchange for their services, they were to receive an "allowance" for living expenses, not a "wage."

Although not argued by either party, the court finds that worth noting.

For these reasons, the Schleichers' FLSA claim is dismissed for lack of subject matter jurisdiction.

### 2. Rule 11 Sanctions

The Schleichers argue that The Salvation Army and/or its counsel has violated Rule 11 of the Federal Rules of Civil Procedure by failing to address controlling case law; that being, *Tony and Susan Alamo Foundation v. DOL*, 471 U.S. 290 (1985) and *Mitchell v. Pilgrim Holiness Church Corp.*, 210 F.2d 879 (7th Cir. 1954). *Maciosek v. Blue Cross & Blue Shield United*, 930 F.2d 536, 541-42 (7th Cir. 1991); *see also Cedar Crest Health Center, Inc. v. Bowen*, 129 F.R.D. 519, 526 (S.D.Ind. Oct. 12, 1989). The question at issue in both *Alamo Foundation* and *Mitchell* was whether non-ministerial lay employees of religious entities that engaged in commercial activity were subject to the minimum wage and overtime requirements of the FLSA. The status of ministers under the FLSA was not at issue. These cases are therefore inapposite. Moreover, as noted in the preceding section, the court finds The Salvation Army did cite to controlling authority – *i.e.*, *McClure*, *Alicea-Hernandez*, and *Tomey* from our circuit, as well as *Shaliehsabou, Werft,* and *Pataskis.* Accordingly, the court **DENIES** the Schleichers' request for Rule 11 sanctions.

### B. Motion to Amend Complaint

The Schleichers also move to amend their Complaint by adding an additional count for retaliatory discharge pursuant to the FLSA and additional state law counts

relating to their medical insurance benefits. The Salvation Army opposes this motion on grounds that to do so would be futile. *Brunt v. Service Employees International Union*, 284 F.3d 715, 720 (7th Cir. 2002). An amendment is futile if the amended pleading could not survive a motion to dismiss. *Id*. at 720-21.

In this case, the Schleichers' amendment would not survive a motion to dismiss. First, they seek to reassert claims for overtime and minimum wage under the FLSA. These claims are already a part of the original Complaint, and, for the reasons stated above, are subject to dismissal. Second, the amendment to add a new Count II asserting an FLSA retaliatory discharge claim would likewise be futile for the same reasons as the underlying substantive FLSA claims. *See, e.g., Alicea-Hernandez v. Catholic Bishop of Chicago*, 320 F.3d 698, 703 (7th Cir. 2003) ("The 'ministerial exception' applies without regard to the type of claim being brought."). *Young v. Northern Illinois Conf. of United Methodist Church*, 21 F.3d 184 (7th Cir. 1994) (affirming dismissal of both discrimination and retaliation claims for lack of subject matter jurisdiction due to ministerial exception).

Third, because the court lacks subject matter jurisdiction over the FLSA claims due to the ministerial exception, there is no basis for supplemental jurisdiction over the state law claims the Schleichers seek to add in proposed Count III. *See* 28 U.S.C. § 1367. The Schleichers are free to file their state law claims in state court.

For all of the reasons set forth above, the court **DENIES** the Schleichers' Motion to Amend Complaint (Docket # 37).

### III.  Conclusion

For the reasons set forth above, the court **GRANTS** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket # 11), and **DENIES** the Plaintiffs' Motion to Amend Complaint (Docket # 37).

**SO ORDERED** this  12th  day of January 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Philip John Gutwein II
BAKER & DANIELS
philip.gutwein@bakerd.com

Scott D. Himsel
BAKER & DANIELS
sdhimsel@bakerd.com

Edward E. Hollis
BAKER & DANIELS
eehollis@bakerd.com

Ronald E. Weldy
ABRAMS & WELDY
weldy@abramsweldy.com